UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARMANE SMITH,

        Plaintiff,

v.

ALANE HOLLIDAY, DDS AND
AMERICAN DENTAL PROFESSIONAL
SERVICES,

        Defendants.

Case No. 17-cv-487-PP

---

**ORDER DISMISSING COMPLAINT (DKT. NO. 1)**

---

        On April 4, 2017, plaintiff Charmane Smith filed a complaint against Alane Holliday, DDS, and American Dental Professional Services. Dkt. No. 1. The plaintiff alleges that on January 19, 2017, she sought dental treatment at American Dental Professional Services in Milwaukee, Wisconsin. Id. at 1. She appears to be alleging that she received fraudulent treatment from Alane Holliday, DDS, who pretended to take mouth x-rays, may have taken an unrequested abdomen x-ray, showed the plaintiff films of x-rays that were not hers, and gave the plaintiff a false diagnoses and advice. Id. at 1-2. Because this court has no jurisdiction over the plaintiff's claims, it must dismiss the complaint.

        The caption of the complaint states, "Diversity Jurisdiction Pursuant to Title 28 U.S.C. { 1332." Dkt. No. 1 at 1. That statute allows a federal court to exercise jurisdiction over a case if the suit is between "citizens of different

States," 28 U.S.C. §1332(a)(1), if the amount in controversy exceeding $75,000.00, 28 U.S.C. §1332(b). Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

The complaint indicates that the plaintiff lives in Tennessee. Dkt. No. 1 at 1. It also indicates that defendant Holliday is a resident of Tennessee. Id. Defendant American Dental Professional Services appears to be a resident of Wisconsin. Id. The plaintiff is "diverse" from defendant American Dental Professional Services, because she lives in a different state from that corporation. But the plaintiff and defendant Holliday are both residents of Tennessee, and thus are not "diverse." Because there is not complete diversity between the plaintiff and both of the defendants, the court does not have diversity jurisdiction under 28 U.S.C. §1332(a)(1). "A court lacks discretion to consider the merits of a case over which it is without jurisdiction". Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)).

The court **ORDERS** that the complaint, and this case, are **DISMISSED**. Dkt. No. 1. If, **within sixty days** of the date of this order, the plaintiff files an

amended complaint demonstrating either complete diversity or a federal claim, may reopen the case.

Dated in Milwaukee, Wisconsin this 8th day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge