UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARMANE SMITH,

        Plaintiff,

v.                                             Case No. 17-cv-487-pp

AMERICAN DENTAL
PROFESSIONAL SERVICES,

        Defendant.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR TAXATION OF COSTS (DKT. NO. 9), DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 11) AND DISMISSING THE CASE WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM**

---

**I.    Background**

On April 4, 2017, the plaintiff filed a complaint without the assistance of a lawyer. Dkt. No. 1. In that complaint, the plaintiff—a Tennessee resident—alleged that one of the defendants, Alane Holliday, performed various procedures on her, including pretending to take mouth x-rays, possibly taking an unrequested abdomen x-ray, showing the plaintiff films of x-rays that were not hers, and giving the plaintiff false diagnoses and advice. Id. at 1-2. The complaint was not on the court's form—the plaintiff created it, and titled it "Diversity Jurisdiction Pursuant to Title 28 U.S.C. { 1332." Id. at 1.

The court screened the plaintiff's complaint on May 8, 2017. Dkt. No. 5. In the screening order, the court observed that while the plaintiff stated that she brought her claim under "diversity jurisdiction," she had not alleged

1

complete diversity of citizenship. The plaintiff's original complaint said that she was a resident of Tennessee, that defendant Alane Holliday was a resident of Tennessee and that defendant American Dental Professional Services was a resident of Wisconsin. Id. at 1-2. The court explained to the plaintiff that, for a federal court to exercise its diversity jurisdiction under 28 U.S.C. §1332, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. Id. at 2 (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). The court explained that because the plaintiff had not alleged complete diversity of citizenship, the court could not consider the merits of her case. The court dismissed the complaint, but said that "if, **within sixty days** of the date of this order, the plaintiff files an amended complaint demonstrating either complete diversity or a federal claim, [the court] may reopen the case." Id. at 2-3.

On June 9, 2017, the plaintiff filed several items, including, (1) an amended complaint, dkt. no. 7; (2) an application for injunction, dkt. no. 8; and (3) a "Motion for Taxation of Costs and In Forma Pauperis," dkt. no. 9. About two and a half months later, the plaintiff filed several additional documents, including (1) a request for entry of default, dkt. no. 10; (2) a motion for default judgment, dkt. no. 11; and (3) an affidavit for entry of default, dkt. no. 12.

## II. Discussion

### A. Amended Complaint (Dkt. No. 7)

Before addressing the plaintiff's pending motions, the court considers whether the plaintiff has complied with the court's May 8, 2017 order—in other

words, the court must determine whether it has jurisdiction to proceed to the merits of the plaintiff's case.

The amended complaint differs from the original complaint in several ways. The amended complaint no longer names "Alane Holliday" as a defendant; the plaintiff has named only "American Dental Professional Services[.]" Dkt. No. 7 at 1. The amended complaint no longer contains allegations of improper x-rays or of fraudulent advice. The amended complaint increases the amount of requested damages from $5,000,000 to $45,000,000. Id. at 2.

The body of the complaint contains three factual allegations. First, the plaintiff says that Alane Holliday is a dentist "who is either an employee or franchisee of the Defendant." Id. at ¶1. Second, she alleges that "Alane Holliday caused negligent and/or malicious injury to my facial nerve and tooth by failing to remove a toothbrush bristle from between my teeth; that she admitted to seeing." Id. at ¶2. Finally, the plaintiff states that Holliday's failure to remove the toothbrush bristle resulted in facial paralysis as well as damage to the tooth, "which fractured and broke in half on Thursday, May 11, 2017." Id. at ¶3.

As the court noted in its previous order, a federal court has diversity jurisdiction in cases where the suit is between "citizens of different States," 28 U.S.C. §1332(a)(1), and the amount in controversy exceeds $75,000.00, 28 U.S.C. §1332(b). Diversity jurisdiction "applies only to cases in which the

citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).[1]

By removing Alane Holliday as a defendant, the plaintiff has removed the one obviously non-diverse defendant. The amended complaint now involves a suit by a Tennessee resident (the plaintiff) against what she states is a Wisconsin company, for damages in excess of $75,000. The Supreme Court has held, however, that a plaintiff cannot defeat the statutory requirement of complete diversity by suing only those defendants of diverse citizenship and

---

[1] A Westlaw search indicates that the plaintiff should be aware of the jurisdictional requisites to filing in federal district court. The plaintiff has filed cases in federal district courts across the nation. See Comenity Bank v. Smith, Civ. Action No. 16-1229-RGA, 2017 WL 1293988, at *1, n.1 (D. Del. Apr. 5, 2017) (collecting cases and noting that the plaintiff "has been barred from filing actions in at least five other districts."). It appears that, in 2017 alone, seven other district courts issued decisions dismissing the plaintiff's claims, either for lack of jurisdiction or failure to state a claim. See Smith v. Haband, 3:17cv1677, 2017 WL 4883252 (M.D. Penn. Oct. 30, 2017) (dismissing case for lack of diversity and federal question jurisdiction); Smith v. Donald, Case No. 2:17-CV-496-GCS, 2017 WL 2619338 (S.D. Ohio June 16, 2017) (dismissing case on Rooker-Feldman doctrine, judicial immunity, for failure to state a claim under the FCBA and FCRA, and for lack of jurisdiction over state law claims); Smith v. Microsoft Corp., Case No. C16-1771-RAJ, 2017 WL 1543332 (W.D. Wash. Apr. 28, 2017) (dismissing the allegations as "lack[ing] any conceivable basis in fact and fail[ing] to state a plausible claim"); Smith v. World Financial Network Bank, 2:17-cv-002, 2017 WL 480415 (S.D. Ohio Feb. 6, 2017) ("complaint fails to allege sufficient facts to convince this court that recoverable damages will bear a reasonable relationship to the minimum jurisdictional floor"); Smith v. Olson, No 1:17-CV-44-TWT, 2017 WL 5244188 (N.D. Ga. Jan. 12, 2017) (dismissing case as frivolous); Smith v. MasterCard Int'l., No. 4:16-cv-1866-CDP, 2017 WL 103966, at *3 (E.D. Mo. Jan. 10, 2017) ("[p]laintiff has failed to allege facts as basic as the identity of the third party or parties, or any other facts that would potentially give rise to a plausible claim."); Smith v. American Express, Case No. 17-cv-60023-BLOOM/Valle, 2017 WL 5447906 (S.D. Fla. Jan. 6, 2017) (dismissing plaintiff's case for failing to make allegations sufficient to establish the diversity of the parties).

waiting for those defendants to implead non-diverse defendants. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978).

Here, although the plaintiff has not named the non-diverse defendant (Ms. Holliday) as a defendant, the amended complaint states allegations and claims only against Holliday. The only place in the body of the amended complaint where the plaintiff mentions American Dental Professional Services is when she says that Holliday is an employee or franchisee of American Dental. She makes no allegations against American Dental Professional Services itself. It appears to the court that the plaintiff still is attempting to sue Holliday, not American Dental Professional Services, but that she removed Holliday's name as a defendant in order to "create" federal jurisdiction. This is exactly what the Supreme Court has said she cannot do.

The other jurisdictional issue raised by the amended complaint is that American Dental Professional Services, which the plaintiff states is located at 9054 N. Deerbrook Trail in Milwaukee, appears to be a limited liability corporation. The Better Business Bureau web site lists the defendant as an LLC.[2] There is also an American Dental Professional Services, LLC listed on the Wisconsin Department of Financial Institutions' web site; it is listed as having

---

[2] *American Dental Professional Services, LLC.,* BETTER BUSINESS BUREAU, https://www.bbb.org/wisconsin/business-reviews/dental-plans/american-dental-professional-services-llc-in-milwaukee-wi-44253586 (last visited Mar. 26, 2018).

its principal office in Wakefield, Massachusetts and a registered agent in Madison, Wisconsin.[3]

Civil Local Rule 8 for the Eastern District of Wisconsin states that "[i]f any party is . . . [a] limited liability company . . . , the pleading or notice must identify the citizenship of all members." The plaintiff has not complied with this rule, despite the fact that it appears that the only remaining defendant is a limited liability company. The court has no idea whether the members of the LLC are all diverse to the plaintiff. In fact, it is not even clear that the defendant itself is a corporate resident of Wisconsin—the Department of Financial Institutions lists it as a "foreign" corporation, with a principal office in Massachusetts.[4]

It is possible, therefore, that this court does not have diversity jurisdiction over the plaintiff's case, and that the court should dismiss the case for that reason alone.

Even if the court assumes, for the time being, that the plaintiff has not left out a critical non-diverse defendant for the sole purpose of creating federal jurisdiction, and even if it assumes that every member of the defendant LLC is diverse, the court will dismiss the complaint, because it fails to state a claim.

---

[3] *American Dental Professional Services, LLC*, WIS. DEP'T OF FIN. INSTITUTIONS, https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=A042286&hash=1810155007&searchFunctionID=8e37e22a-5849-4276-b456-75142a797280&type=Simple&q=american+dental+professional+services+llc (last visited Mar. 26, 2018).

[4] If it were to turn out that the defendant is a corporate resident of Massachusetts, it is likely that the Eastern District of Wisconsin is not the correct venue for the plaintiff's suit, regardless of jurisdiction.

Under 28 U.S.C. §1915(e)(2)(B), the court must dismiss a case filed by an unrepresented plaintiff if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under these standards.

Under Federal Rule of Civil Procedure 8(a), the amended complaint must provide a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief[.]". A plaintiff does not need plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, the court must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption

7

of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with

factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. As an unrepresented plaintiff, the court is obliged to give the plaintiff's *pro se* allegation, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The body of the amended complaint mentions the named defendant once, when it alleges that Ms. Holliday works as an employee or franchisee of the defendant. The amended complaint does not allege any wrongdoing by American Dental Professional Services. It does not allege that American Dental Professional Services had knowledge of Holliday's activities. The complaint does not even clarify whether Holliday is an employee of American Dental Services, or just a franchisee or even an independent contractor. Even construing the plaintiff's amended complaint liberally, as the court must do for *pro se* complaints, the court cannot conclude that the plaintiff's amended complaint makes claims against anyone other than Ms. Holliday. This complaint simply does not state a cause of action against the defendant, and the court will dismiss it under Fed. R. Civ. P. 12(b)(6).[5]

---

[5] The plaintiff also filed a document entitled "Application for Injunction Fed. R. Civ. Pro. 65(a)." Dkt. No. 8. While the plaintiff called this an application for an injunction, it is nothing more than a request for money damages (this time, in

Because the plaintiff is an experienced litigant, and because the court already has given her one chance to amend her complaint, the court will not give her another.

B.   Motion for Taxation of Costs (Dkt. No. 9)

On the same day she filed the amended complaint, the plaintiff filed a document titled "Motion for Taxation of Costs and In Forma Pauperis Fed. R. Civ. Pro. 54(d) Title 28 U.S.C. { 1915." Dkt. No. 9. It appears that the plaintiff intended this to be an application for permission to proceed without paying the filing fee for this case. She indicates in the motion that she has not been employed for over five years and that she has no savings or assets. Id.

Even if the court were not dismissing the plaintiff's complaint, it would not grant this motion. Section 1915(a)(1) of Title 28 says that a court may authorize a person to proceed in a civil case without prepaying the filing fee if that person files a financial affidavit. The court has a form financial affidavit for *pro se* plaintiffs to use; it allows them to list their income, assets and expenses and to sign under penalty of perjury. The plaintiff did not file such an affidavit; the court has nothing but her own statement that she has no assets.

As for her motion for taxation of costs under Fed. R. Civ. P. 54(d), because the court is dismissing the complaint, that motion is moot. However, the court would have denied that request, as well. Rule 54(d) allows a party

---

the amount of $15,000,000) for the allegations she made in the amended complaint.

9

who *wins* a lawsuit to recover costs. One cannot recover costs at the *beginning* of a lawsuit, before the other side even knows that it has been sued.

C. <u>Motion for Default Judgment (Dkt. No. 11)</u>

Finally, two and a half months after she filed her amended complaint, the plaintiff filed a motion for default judgment. Dkt. No. 11. The motion says nothing more than that it is based on the record, and on the plaintiff's affidavit. The plaintiff submitted an affidavit, which said that she served her application for injunction by mail on June 6, 2017, that no one answered in a timely fashion, and that "default has entered against the respondent." Dkt. No. 12.

This motion is defective in numerous ways. Fed. R. Civ. P. 55 allows a court to grant default judgment against a defendant who does not plead or otherwise defend in response to a properly-served *complaint.* There is no evidence that the amended *complaint* was served on the defendant. The court did not order the amended complaint served. The court would not have ordered the complaint served until after it had screened the complaint and determined that there was a valid claim. So it is unlikely that the defendant is aware that it has been sued, and therefore, there is no basis for the clerk to enter default (which he has not done). The plaintiff says that she served the *application for injunction* by mail. Even if she mailed that document to someone, Rule 55 does not allow for default judgment for failure to respond to an application. It is likely that the plaintiff mailed whatever she mailed to the dental office in Milwaukee, which does not appear to be the corporate address for the defendant. The court would not have granted this motion even were it not

dismissing the complaint, and because it *is* dismissing the complaint, the motion is moot.

**III. Conclusion**

The court **ORDERS** that this case is **DISMISSED without leave to amend** for failure to state a claim under 28 U.S.C. §1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The court **DENIES AS MOOT** the plaintiff's motion for taxation of costs. Dkt. No. 9.

The court **DENIES AS MOOT** the plaintiff's motion for default judgment. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 27th day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**